JUDGE STITES
delivered the opinion of the court:
No doubt exists as to the principles of law applicable to this case.
If the appellees, or either of them, undertook for a consideration to insure the goods which were lost, and failed and neglected to comply with such undertaking, a liability at once attached for any damage resulting from such failure.
Or, if such undertaking were merely gratuitous, and they proceeded to execute it, and then abandoned or neglected its performance, a like liability accrued.
*136 In the one case the claim for damage would grow out of a breach of contract, and in the other out of the misfeasance of the party. But to create such liability, however, there must have been an undertaking. The parties should have intended to enter into the agreement.
The question here is, was there sufficient evidence of an undertaking on the part of Lanier to effect an insurance, to have authorized a verdict in behalf of appellants, or, in other words, to have upheld such a finding ?
About the general facts of the case there is no controversy. It is conceded that Lanier & Co. were grocery and commission merchants in Nashville; but that, prior to this transaction, there had been no dealings between the parties; that the goods were shipped from New Orleans to their care at Nashville, to be re-shipped from the latter point to Stigall’s landing, in Pulaski county, Kentucky; that appellants had no funds in the hands of Lanier & Co. to pay for insurance, and that no arrangement had been made for that purpose, nor any for their reimbursement in case of insurance. The undertaking to forward the goods was made at New Orleans some days before the alleged undertaking to insure. The answer admits the undertaking to forward, but emphatically denies any promise or undertaking, implied or express, to insure; admits, also, that word was sent to insure, and that an effort was thereafter made to that effect, but denies that they promised to obtain insurance, or that there had been any previous dealing between the parties from which any promise or agreement to insure could have been or was implied.
Jones, the witness, and the only one who is introduced to prove the direct undertaking or promise, says, in substance, that after L. A. Lanier had started to Nashville, Vickery requested him (the witness) to tell Lanier at Nashville to have the goods insured; that, according to request, he went to the counting-room of Lanier & Co., saw Lanier alone, and informed him of the request of Vickery in this language: “ Vickery wants his things or goods insured,” and that “ Lanier gave me to understand, as I thought, that it would be done.” Nothing was offered Lanier to pay for insurance, nor was there any *137 contract to insure. Nothing was said about paying for insurance. He could not say that Lanier did or said anything when he told him to have the things insured, but it was his understanding “that it would be done.” Upon his return to Pulaski he was told by Lanier that he had tried to insure Vickery’s goods, but could not get it done.
McKee proved that Lanier told him no effort had been made to insure, because no funds had been left to pay for it. And Gordon, that it was not the custom or duty of commission merchants in Nashville to insure goods forwarded to them.
This was substantially all the evidence as to the alleged promise or undertaking. And we have no hesitation in saying it was wholly insufficient to establish such promise, or to uphold a verdict to that effect.
The utmost it proves is a request to insure, and the impression or understanding of the witness that “it would be done,” without, as he says, any word or act upon which to found such understanding.
A simple request to insure, where no funds are provided, or where there has been no previous dealing between the parties, or no goods on consignment from which the party requested may reimburse himself, will not, of itself, devolve upon him the duty to insure, or render him liable for failing so to do. Neither will his subsequent effort to comply with such request have that effect. There must have been an undertaking or promise to insure, made at the time, and intended as such by the parties. ' The party making- the request must have had some assurance on which he had the right to rely, and from which he had the right to expect the other party would insure, or, in other words, there must, in the language of all the books, have been an undertaking to that effect. Without it no liability attaches.
Such promise or undertaking is implied where the course of dealing has been such that the agent has been used to effect insurances, or where he has funds or effects on hand, or even where the bill of lading from which he derives his authority contains an order to insure, or where the general usage is to insure, and in such case he is bound at his peril to insure. But *138 in tlie absence of these circumstances, as in this case, no such obligation rests upon him. And he is not bound for any loss arising' from a failure to insure, unless he has undertaken so to do. (Story’s Agency, 238; Palcy on Principal and Agent, 19; Story on Bailments, 165.) •
Our opinion, therefore, is, that the court below properly instructed the jury to find for appellees, and the judgment must be affirmed.